## JOSEPH N. BELANICH, ET AL.
### vs.
## ROBERT V. DAMBERG

Superior Court       New Haven County       File #51241

Present:   Hon. ALFRED C. BALDWIN, Judge.

Earle A. Barker,                        Attorney for the Plaintiffs.

Frederick R. Houde,                     Attorney for the Defendant.

## MEMORANDUM FILED MARCH 8, 1937.

BALDWIN, J. It appears from the complaint that defendant, in 1922, acquired a tract of land in Branford; that of this tract, title to one parcel by foreclosure has come to one of the plaintiffs and title to another parcel by foreclosure has come to two of the other plaintiffs and title by warranty deed has come to the remaining two plaintiffs.

It is alleged that there is a right of way to Richard H. Maddern, (whose land bounds this tract on the north), his heirs and assigns to pass and repass on foot or with teams to land of Maddern and that entrance to Maddern's land shall be at the extreme west end. The location of this right of way does not otherwise appear.

The location of these parcels acquired by the respective plaintiffs in relation to the tract from which they came are difficult of determination from the complaint, if, indeed, possible of determination. There is reference to a proposed road. Its location is not clear.

The action seeks the determination of a right-of-way for these plaintiffs to and from their respective properties but it does not appear from where the entrance is to be had nor where the exit is to be had.

A right of way to maintain a water pipe is claimed. It does not appear that under either foreclosure, or under the warranty deed, any of the parties gained any of the rights claimed.

The complaint is demurred to because it does not appear that the defendant conveyed any rights in the proposed road or that the plantiffs acquired any such rights other than of entrance and exit over the proposed road.

Even that right does not appear from the complaint to have been acquired by any of the plaintiffs. It may be that a right of entrance and exit may, of necessity, exist. That is suggested by the allegation that no parcel is bounded upon a public highway. But a right to maintain a water pipe over land of another may not be acquired as a right of necessity.

By way of suggestion, counsel should consider the question of joinder of parties plaintiffs.

The demurrer is sustained.